IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TY-IN COMMUNICATIONS, INC.            )
d/b/a SMALL WORLD WIRELESS, INC.      )
        Plaintiff,                       )
                                         )
        v.                               )     Case No. 08-2217-JWL
                                         )
COMMUNICATIONS WORKERS OF             )
AMERICA, AFL-CIO,                     )
        Defendant.                       )
                                         )
_____)

## **MEMORANDUM AND ORDER**

In this action, plaintiff TY-IN Communications, Inc. d/b/a Small World Wireless, Inc. ("TY-IN Communications") asserts claims against defendant Communications Workers of America, AFL-CIO ("CWA") for unfair labor practices under the National Labor Relations Act and for the torts of defamation, trespass, and tortious interference under Kansas state law. The matter comes before the court at this time on defendant's motion to dismiss (doc. # 10) plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted with leave to amend by October 1, 2008. If plaintiff has not filed an amended complaint by October 1, 2008, then plaintiff must show cause as to why the entire complaint should not be dismissed as lacking diversity subject matter jurisdiction.

**I. Facts[1]**

Defendant, CWA, is a communications and media union. Plaintiff owns and operates AT&T stores, at which plaintiff sells genuine AT&T wireless communication services and equipment as an authorized agent of AT&T. In November and/or December 2007, members of the CWA distributed handbills and flyers to plaintiff's patrons, prospective customers and other members of the general public at several of plaintiff's AT&T stores. This handbilling occurred on several different occasions, including but not limited to the weekends of November 10, 2007 and December 1, 2007. In response to the handbilling on the weekend of November 10, 2007, Neil Keith, AT&T Vice President, Labor Relations Mobility, sent a letter, dated November 15, 2007, to Andy Milburn, Vice President of CWA District 6 notifying CWA that assertions in the handbills were untrue. However, CWA continued handbilling outside plaintiff's stores after this letter was sent. Plaintiff alleges that CWA's course of conduct in handbilling constituted defamation, trespass, tortious interference, and unfair labor practices under the National Labor Relations Act.

**II. Motion to Dismiss Standard**

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is

---

[1]These facts are taken from plaintiff's complaint and accepted as true, in accordance with the applicable standards for a motion to dismiss. *See infra* part II.

2

dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 127 S. Ct. at 1964-65. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. Analysis

Plaintiff alleges that CWA's handbilling constituted an unfair labor practice under 29 U.S.C. § 158(b)(4). Section 158(b)(4)(ii)(B) reads in relevant part:

> It shall be an unfair labor practice for a labor organization or its agents– to threaten, coerce or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is– forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person. . . .

3

A violation of § 158(b)(4)(ii)(B) "consists of two elements: (1) a union engages in conduct that threatens, coerces, or restrains an employer or other person engaged in commerce; and (2) an object of the union's conduct is to force or require an employer or person not to handle the products of, or to do business with, the other person." *Kentov v. Sheet Metal Workers' Int'l Assoc. Local 15*, 418 F.3d 1259, 1263 (11th Cir. 2005). Plaintiff has failed to allege behavior by CWA sufficient to constitute a violation of § 158(b)(4(ii)(B).

As explained in *DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council*, 485 U.S. 568, 578 (1988), "more than mere persuasion is necessary to prove a violation" of this section. Rather, it "requires a showing of threats, coercion, or restraints." *Id.* The Court has explained that these words "should be interpreted with 'caution'' and not given a 'broad sweep.'" *Id.* (quoting *NLRB v. Drivers*, 362 U.S. 274, 290 (1960)). In *DeBartolo*, a union peaceably distributed handbills to customers of a shopping mall that urged the customers not to patronize the stores in the mall until the mall owner promised that construction work at the mall would be performed by contractors paying fair wages. *Id.* at 570. The Court held that this handbilling did not constitute an unfair labor practice as it was not coercive within the meaning of the Act.

As defendant CWA pointed out in its memorandum of support for its motion to dismiss, plaintiff did not allege any acts of violence, coercion or restraint in conjunction with the distribution of handbills. Plaintiff merely alleged that "CWA engaged in a course of conduct of redirecting potential subscribers from the Plaintiff's AT&T stores

4

to the AT&T Corporate Stores and otherwise interfering with Plaintiff's business." Complaint ¶ 62. Plaintiff then concludes that this conduct constituted a violation of 29 U.S.C. § 158(b)(4). Complaint ¶ 63. However, the Court in *DeBartolo* explained: "The loss of customers because they read a handbill urging them not to patronize a business, and not because they are intimidated by a line of picketers, is the result of mere persuasion." *DeBartolo*, 485 U.S. at 50. As explained above, mere persuasion is not sufficient to violate § 154(b)(4).

The *DeBartolo* Court also took pains to make clear that the proviso protecting nonpicketing communications directed at customers of a distributor of goods produced by an employer with whom the union has a labor dispute should not be read merely as "establishing an exception to a prohibition that would otherwise reach the conduct excepted." *Id.* at 582. The union need not take shelter under the proviso that highlights one type of lawful union activity if it has not violated the unfair labor practices provision in the first place. Instead, § 158(b)(4), read in conjunction with the proviso, may be read "as not covering nonpicketing publicity, including appeals to customers of a retailer as they approach the store, urging a complete boycott of the retailer because he handles products produced by nonunion shops." *Id.* at 583. In reading § 158(b)(4), more than peaceable handbilling is required for a violation. Therefore plaintiff's arguments that CWA does not satisfy all the elements of the proviso is unpersuasive as plaintiff has failed to adequately allege a violation of § 158(b)(4) in the first place.

5

The court recognizes that without amendment the complaint fails to allege a federal question on which to base subject matter jurisdiction. Plaintiff has also failed to allege facts on which to base diversity subject matter jurisdiction. Given plaintiff failed to allege a specific amount in controversy and the early posture of the case, the court would be disinclined to exercise its supplemental jurisdiction over the remaining state tort claims.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant CWA's motion to dismiss with respect to count V, the unfair labor practices claim, is granted with leave to amend by October 1, 2008.

IT IS THEREFORE FURTHER ORDERED BY THE COURT THAT if plaintiff has not filed an amended complaint by October 1, 2008, plaintiff must show cause as to why the other state tort claims should not be dismissed for possible filing in state court for want of diversity subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 16th day of September, 2008, in Kansas City, Kansas.

>s/ John W. Lungstrum
John W. Lungstrum
United States District Judge